UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHN HARRIS LOFLIN,                )
                                   )
            Plaintiff,             )
    vs.                            )    No.1:09-cv-0911-TWP-DML
                                   )
INDIANAPOLIS BOARD OF SCHOOL       )
    COMMISSIONERS, et al.,         )
                                   )
            Defendants.            )

**Entry Discussing Motion to Dismiss**

For the reasons explained in this Entry, the defendants' motion to dismiss for failure to state a claim (dkt 12) must be **denied in part and granted in part.**

**I. Background**

According to his complaint, on August 16, 2007, John Loflin was working as a substitute teacher for the Indianapolis Public Schools ("IPS") at Arlington High School ("Arlington"). Loflin did not yet have a classroom assignment when he arrived at Arlington, so he sat in on a meeting of students in the school auditorium concerning implementation of IPS' newly-adopted school uniform dress code policy. As students left the meeting, Loflin commented to Dr. Busch that he was "'disappointed' she voted for school uniforms and that [he] thought uniforms were 'antidemocratic, paternalistic and irrelevant'" (hereafter "the comment"). Loflin did not receive a classroom assignment for the remainder of the day and has been on "inactive status" since August 16, 2007. Loflin alleges that his comment to Dr. Busch was constitutionally protected speech and that Dr. Busch, Bernice W. Gude, and Teresa Ezell conspired to violate his right to free speech in retaliation for his comment to Dr. Busch by falsely accusing him of encouraging students to disregard the IPS uniform policy. According to Loflin's complaint, the alleged conspiracy led to the wrongful termination of his employment. In addition to the individuals just named, Loflin has included the Board of School Commissioners of the City of Indianapolis ("the Board") as a defendant. Loflin's action is brought pursuant to 42 U.S.C. § 1983.

## II. Discussion

The defendants argue in their motion to dismiss that the comment was not constitutionally protected because Loflin uttered it in his capacity as a public employee, not as a citizen, and that even if Loflin spoke as a citizen his speech remained undeserving of constitutional protection because IPS had adequate justification for its actions. The Board also argues that it is not liable to Loflin because the necessary basis for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)--that the constitutional violation resulted from a municipal policy, custom, or practice–is absent. The motion to dismiss rests on Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. Additionally, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

"The Constitution prevents governmental actors from forbidding, or penalizing, speech that is protected under the first amendment. Penalties that follow speech are forbidden." *Fairley v. Andrews* 578 F.3d 518, 525 (7th Cir. 2009). In this case, Loflin alleges a claim of first amendment retaliation.

The defendants argue that Loflin's own allegations–and focusing on his role as a substitute teacher for IPS–show that he did not speak as an employee in making the comment and that in any event its interest in promoting the efficiency of its services outweighed Loflin's interest in making the comment. The test for evaluating Loflin's comment is this:

> Speech is constitutionally protected if (1) the employee spoke "as a citizen on matters of public concern" and (2) his interest in commenting upon those matters outweighs the employer's interest in promoting the efficiency of its services. *Nagle [v. Village of Calumet Park*,] 554 F.3d [1106,] 1123 [(7th Cir. 2009)]. When employees make statements "pursuant to their official duties," they are not speaking "as citizens" for First Amendment purposes. *Garcetti*

*v. Ceballos*, 547 U.S. 410, 421 (2006). Whether speech addresses a matter of public concern must be determined by its "content, form, and context," *Connick v. Myers,* 461 U.S. 138, 147-48 (1983), with content being the most important. *Nagle,* 554 F.3d at 1123.

*Swearnigen-El v. Cook County Sheriff's Dept.,* 602 F.3d 852, 861-62 (7th Cir. 2010). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). After *Garcetti*, when addressing such First Amendment claims, the threshold question is whether a public employee spoke as an employee pursuant to his official duties or as a citizen on a matter of public concern. *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007). Only if an employee was speaking as a citizen does the court inquire as to the content of the speech because public employees speaking pursuant to their official duties are not protected regardless of the content of their speech. *Id.*

Here, it is amply "plausible" that Loflin was speaking as a citizen on a matter of public concern when making the comment. *Iqbal,* 129 S. Ct. at 1949 ("Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Despite the parties' intense arguments on this point, the absence of an evidentiary record prevents a contrary determination. *Renken v. Gregory*, 541 F.3d 769, 773 (7th Cir. 2008)(to determine what falls within the scope of an employee's official duties, the focus is on "the duties an employee actually is expected to perform")(internal quotation omitted). This important feature of the present case prevents the court from pretermitting the analysis on the basis of the pleadings, and distinguishes this case as presently configured from *Mills v. City of Evansville, Indiana*, 452 F.3d 646 (7th Cir. 2006), which is arguably similar to the present case.[1] The same is true as to the further factor in the proper analysis, *i.e.,* whether Loflin's interest in commenting upon the IPS dress code policy outweighed the interest of IPS in promoting the efficiency of its services. The present record, consisting solely of the pleadings, does not permit a meaningful or satisfactory application of this test to Loflin's speech. Accordingly, the motion to dismiss (dkt 12) is **denied** as to Loflin's claim of retaliation based on his comment.

The court reaches a different conclusion as to the Board's further argument that it is not liable to Loflin because the necessary basis for municipal liability is absent. Pursuant to *Monell*, a municipal entity such as the Board is a "person" subject to suit under 42 U.S.C. § 1983 only where the constitutional violation resulted from a municipal policy, custom, or practice. 436 U.S. at 694. "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread

---

[1] *Mills* held that a plaintiff police officer spoke as a public employee when, while on duty and in uniform, she told senior managers that a proposed policy change would not work and gave the impression that she would enlist community organizations to oppose the policy rather than support it. *Id.* Upon review of the district court's ruling on summary judgment, the Court of Appeals affirmed that Mills' criticism of the policy was not that of a citizen because she spoke "as a public employee contributing to the formation and execution of official capacity." *Id.* at 658.

practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514 -15 (7th Cir. 2007)(citing *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)). Loflin does not allege a municipal policy in any of these forms, and the single instance of asserted wrongdoing he alleges–the decision to not use him as a substitute teacher–does not support an inference of an unlawful municipal policy by the Board. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985)("where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation"). Accordingly, the motion to dismiss (dkt 12) is **granted** as to any claim asserted against the Board of School Commissioners of the City of Indianapolis ("the Board").

### III. Conclusion

The motion to dismiss (dkt 12) is **denied in part and granted in part,** consistent with the foregoing.

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED.**

Date: 07/07/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John O. Gaidoo, BAKER & DANIELS, john.gaidoo@bakerd.com
Roberta Sabin Recker, BAKER & DANIELS, rsrecker@bakerd.com
John Harris Loflin, 2455 Shelby Street #1, Indianapolis, IN 46203